IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID KLINKE,

        Petitioner,

v.

STATE OF OREGON,

        Respondent.

Case No. 3:12-cv-02313-AC

ORDER

BROWN, Judge.

    Petitioner, an inmate at the Columbia County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Motion for Stay or Injunction Pending Judgment (#4). For the reasons that follow, the Court DENIES Petitioner's motion.

## BACKGROUND

    Petitioner initiated this action by filing a document entitled "Notice and Writ of Habeas Corpus on Narrow Ground No Valid Conviction Can be Had in State or Federal Court" (#1). The

1 - ORDER -

document is not a model of clarity, and it is unclear whether Petitioner seeks to challenge an underlying conviction or the revocation of his parole which resulted from the conviction. As indicated in a separate Order issued by the Court this date, Petitioner did not pay the requisite filing fee or submit an application to proceed *in forma pauperis*, and the Court will not address the substance of the Petition unless and until Petitioner does so.

Petitioner also filed a document entitled "Motion for Stay or Injunction Pending Judgment" (#4). The substantive portion of the Motion consists of the following verbatim statement:

> Comes now David Klinke Pro-se please grant this motion based on states original memorialization of innocence on police reports and non-verbal statements in responce to this belief fore-closing subject matter Jurisdiction in civil and criminal courts. And to prepare petition unimpeded.
>
> Petitioner has only 1 year of 3 year post-prison supervision left. Instead of using this time to reintegrate back into society, parole officer is harassing petitioner for mitigating evidence through evaluations to party justify this crime perpetrated on petitioner.

### LEGAL STANDARDS

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests. Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has

a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. *Burlington N.R.R. v. Department of Revenue*, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.*; *Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991), *cert. denied*, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates v. PPR Realty. Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

## DISCUSSION

As noted, the Court is unable to ascertain from the documents submitted by Petitioner whether he is challenging the legality of his underlying conviction or his current confinement, which apparently resulted from the revocation of parole or post-prison supervision. Moreover, Petitioner does not specify in his request for injunctive relief what action(s) this Court should enjoin, or

to whom any such injunctive relief should be directed. As such, Petitioner cannot establish either a sufficient likelihood of success on the merits of his claim or the possibility of irreparable harm, and his request for preliminary injunction must be denied.

## CONCLUSION

For these reasons, the Court DENIES Petitioner's Motion for Stay or Injunction Pending Judgment (#4).

IT IS SO ORDERED.

DATED this 10th day of January, 2013.

                                                */s/ Anna J. Brown*
                                                ANNA J. BROWN
                                                United States District Judge